**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**JOHN C. MACCOLL,**

                    Petitioner,

          v.                                    **CIVIL ACTION NO. 5:24-CV-125**
                                                Judge Bailey

**M.J. BAYLESS,**

                    Respondent.

**REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

On July 8, 2024, the *pro se* petitioner, John C. MacColl ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  Petitioner is a federal inmate who is housed at FCI Morgantown in Morgantown, West Virginia, and is challenging the Bureau of Prison's ("BOP") calculation of First Step Act time credits.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

**II. BACKGROUND**

In his petition, petitioner alleges that the BOP erred in the calculation of First Step Act Time credits.  Although petitioner does not specify what the BOP has calculated or how it is in error, he asserts that he began to be eligible for earning time credits on the date of his sentencing, February 19, 2019.  Construing the *pro se* filing liberally, the petition appears to suggest that the BOP has incorrectly determined the start date for

petitioner to begin earning time credits based on participation in evidence-based recidivism reduction programming.  Although petitioner checked "Yes" in response to a question asking him if he presented his claims through a BOP administrative action, he states that "Defendant attempted to file administrative remedies.  He asser (sic) that further exhaustion would be futile."  [Doc. 1 at 8].  For relief, he asks the Court to enter an order directing the BOP to grant petitioner an additional 38 credits toward release to a Residential Reentry Center or Home Confinement, and to order the BOP to grant petitioner immediate transfer to Home Confinement.

### III.    LEGAL STANDARDS

#### A.    Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which

2

set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. ANALYSIS

The undersigned finds that the petition should be dismissed without prejudice for failure to exhaust administrative remedies.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." ***McClung v. Shearin***, 90 F. App'x 444, 445 (4th Cir. 2004) (citing ***Carmona v. United States Bureau of Prisons***, 243 F.3d 629, 634-35 (2d Cir.2001), ***Little v. Hopkins***, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  ***Booth v. Churner***, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. ***Porter v. Nussle***, 534 U.S. 516, 524 (2002) (citing ***Booth***, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  ***Porter***, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  ***Custis v. Davis***, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss

a complaint when the alleged facts in the complaint, taken as true, prove that the inmate

failed to exhaust his administrative remedies.").

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of

cause and prejudice. As recognized in **Carmona**, *supra*, which was cited by the Fourth

Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by
> requiring that, absent a showing of cause and prejudice, appeals proceed
> in the first instance through the federal agency review process. Following
> the administrative procedures could potentially obviate the need for judicial
> review, or at a minimum, develop the factual record at the agency level at a
> time when the disputed events are still relatively fresh in witnesses' minds.
> In this sense, it is the analogue of the exhaustion of state remedies
> requirement for a state prisoner seeking federal habeas review, and the
> results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal
> prisoner justify his failure to exhaust his intra-Bureau remedies. When,
> however, legitimate circumstances beyond the prisoner's control preclude
> him from fully pursuing his administrative remedies, the standard we adopt
> excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with

attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*.

If the prisoner achieves no satisfaction informally, he must file a written complaint to the

warden (BP-9), within 20 calendar days of the date of the occurrence on which the

complaint is based. If an inmate is not satisfied with the warden's response, he may

appeal to the regional director of the BOP (BP-10) within 20 days of the warden's

response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office

of General Counsel (BP-11) within 30 days of the date the Regional Director signed the

response. An inmate is not deemed to have exhausted his administrative remedies until

he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner's failure to exhaust administrative remedies is apparent on the face of the petition.  Although petitioner checked a box indicating he had presented his claim to the BOP through an administrative action, he states that "Defendant attempted to file administrative remedies.  He asser (sic) that further exhaustion would be futile."  [Doc. 1 at 8].  From this, the undersigned finds that petitioner has indicated he has not fully exhausted administrative remedies prior to filing his petition.  Petitioner provides no allegations justifying his naked assertion that exhaustion would be futile.  Construing the *pro se* filing liberally, to the extent petitioner is arguing remedies are futile because he is close to the end of his sentence, this is not a valid basis for excusing exhaustion.  *See, e.g.*, **Reese v. Heckard**, No. 5:22-CV-00033, 2022 WL 4100849, at *5 (S.D. W.Va. Aug. 5, 2022) (Eifert, M.J.), *report and recommendation adopted*, No. 5:22-CV-00033, 2022 WL 4100268 (S.D. W.Va. Sept. 7, 2022) ("To any extent that Petitioner believes exhaustion of remedies in this matter is futile because his sentence will have ended before he could complete the remedy process, exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief.") (citations omitted).  Petitioner has provided no cause excusing his failure to exhaust, and the petition should be dismissed.

### V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  July 22, 2024.

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE